PEOPLE v BURTON

1. BURGLARY—BREAKING   AND   ENTERING—INTENT—LARCENY—EVI-
   DENCE.

   Sufficient evidence was presented from which the jury could find
   that the defendant had committed the breaking and entering of
   a building with the intent to commit a larceny therein where a
   guard testified that he heard the breaking of glass and that he
   turned and saw the defendant some 20 feet away reaching into
   the building with the upper part of his body partly into the
   building, the defendant had a hammer, flashlight, pliers, and
   two knives in his possession when caught, and there was
   testimony that a 90-pound I B M machine and some uniforms
   were located about four feet from where defendant was reach-
   ing.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—INCLUDED OFFENSES—EVI-
   DENCE—AFFIRMATIVE EXCLUSION

   It is reversible error for a trial judge to refuse to give instructions
   on lesser included offenses where a request has been made if
   the record contains evidence which would support a conviction
   of a lesser included offense; but where the defendant affirma-
   tively requested that the court not instruct on the lesser offense
   of attempt, he cannot obtain a reversal or new trial on this
   point.

3. CRIMINAL LAW—SENTENCE—INDETERMINATE SENTENCE ACT—MAN-
   DATORY MINIMUM SENTENCE.

   A sentence of nine to ten years in prison was not proper under
   the indeterminate sentencing statute and is corrected so that
   the minimum sentence be not in excess of two-thirds of the
   maximum sentence (MCLA 769.8, 769.9).

Appeal from Recorder's Court of Detroit, Joseph
E. Maher, J. Submitted Division 1 November 10,

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary §§ 24–26.
[2] 21 Am Jur 2d, Criminal Law § 494.
[3] 21 Am Jur 2d, Criminal Law § 540.

1972, at Detroit. (Docket No. 13867.) Decided March 28, 1973.

Oscar Burton was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed with sentence corrected.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Bolden & Blake, P. C.,* for defendant on appeal.

Before: LESINSKI, C. J., and FITZGERALD and VAN VALKENBURG,* JJ.

LESINSKI, C. J. Defendant was convicted by a jury of breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305. He was sentenced to nine to ten years in prison. His motion for a new trial was denied. Defendant appeals as of right.

On appeal defendant challenges the sufficiency of the evidence presented at time of trial to prove him guilty of the crime charged. The record does not support the position of the defendant.

Evidence was introduced which shows that defendant was caught reaching into a building and handcuffed to the door by a private guard in the building. The building housed a laundry that was being discontinued and from which garments and machinery were being removed by the owners.

The guard testified that he heard the breaking

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of glass; and that he turned and saw the defendant some 20 feet away reaching into the building with the upper part of his body partly into the building. The defendant had a hammer, flashlight, pliers, and two knives in his possession when he was taken into custody. There was testimony that a 90-pound I B M machine and some uniforms were located approximately four feet from where defendant was reaching. There was no testimony that indicated the defendant was reaching directly to take the uniforms or any other object from the building. He was apprehended before he could reach anything in the building.

We hold sufficient evidence real and circumstantial was presented from which the jury could find that the defendant had committed the breaking and entering of a building with the intent to commit a larceny therein. The jury could properly infer the necessary intent from all the circumstances proven. The evidence justified a finding of guilt beyond a reasonable doubt.

The defendant further charges the court committed reversible error by failing to instruct the jury on lesser included offenses.

Upon presentation of the people's case, the defendant discharged the court-appointed attorney and conducted the balance of his defense. The defendant requested instructions on "attempted B & E, entering without breaking, entering without owner's permission or trespassing". The trial judge initially refused to instruct on any lesser offense except attempted breaking and entering on the ground that the evidence did not warrant such instruction. Much of the record is devoted to a description of defendant's right to instructions on lesser offenses. The trial court displayed a great deal of patience with this defendant who on the

record appears to have conducted himself in a very orderly manner.

It appears from the record that at one point the court was considering adding other lesser offense instructions. What these would have been is not indicated. By this time the defendant had advised the court that he did not want the jury instructed on any lesser included offenses. The defendant specifically requested the court to instruct the jury that they must find the defendant committed the principal offense charged, or not guilty. The court after making certain that this was defendant's position, so charged the jury. The jury found defendant guilty of the offense charged.

The record is clear that this is not the defendant's first brush with the law. Defendant displayed a great deal of sagacity as evidenced by his argument to the jury and his dialogue with the court regarding jury instructions. It is obvious that the defendant unwisely chose a trial tactic that backfired. He did not want the jury to make the easy finding of an attempt but rested his hopes on the fact that the jury would not make the more difficult finding that he actually broke the glass to get in or that he had the intent to commit a larceny in the building.

As the initial refusal of the trial court to give instructions on the lesser offenses of entering without breaking, entering without permission or trespass triggered defendant's decision, we must examine the propriety of the court's action on this point.

As *People v Van Smith,* 388 Mich 457, 461 (1972), points out:

"The law is well established that where a request has been made the duty of the trial judge is determined by the evidence. If the record contains evidence which

would support a conviction of a lesser included offense it is reversible error to refuse to give it. *People v Jones,* 273 Mich 430 (1935)."

Other than on an attempted breaking and entering a building with intent to commit a larceny, the evidence does not support the request of the defendant for instructions on lesser included offenses. The defendant having affirmatively requested that the court not instruct on the lesser offense of attempt, he cannot on this point obtain a reversal or new trial. See *People v Charles Williams,* 36 Mich App 195 (1971); *People v McDaniels,* 38 Mich App 174 (1972).

In a supplemental brief the defendant raises the issue that he was not given a proper sentence under the indeterminate sentencing statute, MCLA 769.8, 769.9; MSA 28.1080, 28.1081. The defendant having received a minimum sentence in excess of two-thirds of the maximum sentence, his position is correct. See *People v Tanner,* 387 Mich 683 (1972). We are obliged to correct defendant's minimum sentence and so do. The defendant's sentence is corrected to 6-2/3 to 10 years in prison.

Affirmed, sentence corrected.

All concurred.