## PEOPLE v CARTER

Docket No. 54538. Argued September 10, 1974 (Calendar No. 2).—
    Decided December 18, 1975. Rehearing denied 395 Mich 923.

Andrew Carter and Andrew Bufkin were tried for first-degree
    murder in Recorder's Court of Detroit, Joseph E. Maher, J. The
    judge instructed the jury that they could consider the lesser
    included offenses of second-degree murder and manslaughter.
    Defendants were convicted by the jury of second-degree mur-
    der. The Court of Appeals, V. J. Brennan and O'Hara, JJ.,
    affirmed, Lesinski, C. J., dissenting as to Carter. (Docket Nos.
    8317, 8408). The Court of Appeals held that because the evi-
    dence would have been sufficient to convict Carter of first-
    degree murder, his conviction of second-degree murder was
    proper, but ruled that in future prosecutions for felony murder,
    the trial judge must instruct the jury that its verdict shall be
    guilty of murder in the first degree or not guilty. On rehearing
    the Court of Appeals affirmed its prior decision. Defendant
    Carter appeals. *Held:*

1. There are lesser included offenses in first-degree felony
    murder, and second-degree murder is always a lesser included
    offense in first-degree murder.

2. The contrary prospective rule of *People v Bufkin,* 43 Mich
    App 585; 204 NW2d 762 (1972), *On Rehearing,* 48 Mich App
    290; 210 NW2d 390 (1973), is disapproved.

3. The jury need not have determined which one of the
    codefendants was the person who shot the victim, because on
    the evidence presented they were free to believe that they
    acted in concert.

Affirmed.

43 Mich App 585; 204 NW2d 762 (1972) and 48 Mich App
    290; 210 NW2d 390 (1973) reversed as to holding on jury
    instructions in felony murder cases.

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide § 72.
[2] 40 Am Jur 2d, Homicide § 45.
[3] 40 Am Jur 2d, Homicide § 47 *et seq.*
[4] 40 Am Jur 2d, Homicide § 28.

1. HOMICIDE—FELONY MURDER—LESSER INCLUDED OFFENSES.
   There are lesser included offenses in felony murder (MCL 750.316; MSA 28.548).

2. HOMICIDE—FIRST-DEGREE MURDER—LESSER INCLUDED OFFENSES.
   Second-degree murder is always a lesser included offense of first-degree murder (MCL 750.316, 750.317; MSA 28.548, 28.549).

3. HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER.
   First-degree murder is second-degree murder with an additional element, *viz.*, either premeditation or the perpetration or attempt to perpetrate an enumerated felony (MCL 750.316, 750.317; MSA 28.548, 28.549).

4. HOMICIDE—MURDER—CODEFENDANTS—PARTICIPATION.
   A jury in a trial for murder need not determine which one of two codefendants shot the victim, where the evidence is such that the jury is free to believe that the defendants acted in concert.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research Training & Appeals, and *Ronald P. Weitzman,* Assistant Prosecuting Attorney, for the people.

*Kenneth M. Mogill (M. Gerald Schwartzbach,* of counsel), for defendant.

T. G. KAVANAGH, C. J. Andrew Carter and his codefendant Andrew Bufkin were charged with first-degree murder, MCLA 750.316; MSA 28.548. They were convicted of second-degree murder. MCLA 750.317; MSA 28.549. The convictions were affirmed by the Court of Appeals. 43 Mich App 585; 204 NW2d 762 (1972). On rehearing the Court of Appeals affirmed its prior decision. 48 Mich App 290; 210 NW2d 390 (1973). Carter's conviction alone is before the Court. We affirm.

The victim, Edward Koc, a neighborhood insurance man, was shot in an alleged robbery attempt. The testimony of all of the credible witnesses

suggests that Carter and three others were driving to Carter's home. One of the group noticed Bufkin walking along and Carter stopped to let Bufkin enter. After a few blocks, Bufkin requested Carter to stop the car. Bufkin exited the car and ran north carrying a brown paper bag with which he had entered the car. After a brief wait, Carter drove a few blocks and again encountered the running Bufkin. Bufkin re-entered the car and stated that he had shot "the" man. None of the car's occupants called the police.

The prosecution contended that Bufkin and Carter acted in concert, that the killing occurred during the attempted perpetration of an armed robbery. Defendant alleges error in the court's instructions.

The relevant portion of the judge's instructions are as follows:

"Now, if you find that the facts as you have heard them, the testimony indicates to you that there was an attempt to commit a robbery then, I say that you are limited to first-degree murder. As to both or either of the defendants. However, if you find otherwise, then you may consider the lesser included crimes of murder in the second degree and manslaughter."

When the jury returned asking that the instructions be repeated, the judge again stated:

"[I]f you find from the facts that no robbery was committed only then may you consider second-degree murder or manslaughter and not guilty. Those are the four verdicts you can arrive at, first-degree murder, second-degree murder, manslaughter and not guilty and you may find for either or both of the defendants. This is what you're limited to, is that correct?"

Defendant contends that it was error for the

trial court to instruct the jury that both Bufkin and Carter could be convicted of second-degree murder, because there was no credible testimony that Carter participated in the killing. Defendant argues that if there was a second-degree murder, it was committed by the shooter and the shooter alone, and it was up to the jury to determine which of the two defendants was the shooter. Thus, Carter could be found guilty of first-degree felony murder or not guilty.

The Court of Appeals held that because the evidence would have been sufficient to convict Carter of first-degree murder, he had no complaint about being convicted of second-degree. However, that Court also held that in future prosecutions for felony murder, the trial judge would be obliged to instruct the jury that its verdict shall be guilty of murder in the first degree or not guilty.

"We adopt this rule because 'felony murder', so called, is a creature of statute in which the element of premeditation is conclusively presumed by proof of the perpetration or attempt to perpetrate a specific felony. As such, neither second-degree murder nor manslaughter can possibly be lesser included offenses. These two latter crimes and felony murder are mutually exclusive offenses." 43 Mich App 589; 204 NW2d 763.

A contrary view was expressed by another panel of the Court of Appeals in *People v Wimbush,* 45 Mich App 42, 49; 205 NW2d 890 (1973).

We hold that there are lesser included offenses to first-degree felony-murder. Second-degree murder is always a lesser included offense of first-degree murder. First-degree murder is second-degree (common-law) murder *plus* an element, *viz.,* either premeditation or the perpetration or attempt to perpetrate an enumerated felony. *People*

v *Allen,* 390 Mich 383; 212 NW2d 21 (1973). Conversely, second-degree murder is first-degree murder *minus* premeditation or the enumerated felony. The contrary rule of *People v Bufkin* is disapproved.

"Homicide is not murder of either degree, * * * unless it amounts to common-law murder. If this is all it is second-degree murder. If it is common-law murder plus one or more of the aggravating circumstances mentioned, it is murder of the first degree." Perkins on Criminal Law (2d ed), p 90.

In *People v Treichel,* 229 Mich 303; 200 NW 950 (1924), the defendant was charged with common-law murder. The case was tried on the theory of felony murder, *i.e.,* murder committed in the perpetration of a robbery. The trial court, over objection by the defendant, instructed the jury on first-degree murder, second-degree murder and manslaughter. Defendant was convicted of manslaughter. In affirming the conviction, this Court held:

"While the statute constitutes murder committed in the perpetration of burglary as in the first degree, it does not exclude all lesser degrees if the evidence warrants. * * * Conceding the verdict might have been for murder in the first degree, because death was occasioned by act committed in the perpetration of a burglary, was such a verdict the only one permissible? We cannot so hold. We think the evidence left the question of degree and the included crime of manslaughter to the jury and the court avoided instead of committed error in so submitting it." 229 Mich 307–308.

In *Fuller v United States,* 132 US App DC 264, *On Rehearing* 286, 294; 407 F2d 1199, *On Rehearing* 1221, 1229 (1968), the issue of whether second-degree murder was a lesser included offense of

felony murder was considered and answered in the affirmative: "What is clear from our cases is that the jury may be instructed on second degree murder as a 'lesser included offense' even though the indictment is solely for felony-murder". Accord, *Government of the Virgin Islands v Carmona*, 422 F2d 95 (CA 3, 1970). *Jackson v United States*, 114 US App DC 181; 313 F2d 572 (1962).

In *People v Chamblis*, 395 Mich 408; 236 NW2d 473 (1975), released today, we held that a trial judge may properly instruct on lesser included offenses, even over objection, if the evidence adduced at trial would support conviction of the lesser charge and defendant has been afforded fair notice of the lesser included offense.

The jury need *not* have determined which of the two men was the "shooter". The jury was free to believe that Carter and Bufkin acted in concert. There was ample evidence to sustain this jury's verdict of second-degree murder.

In *People v Jenkins*, 395 Mich 440; 236 NW2d 503 (1975), released today, we held that in *every* first-degree murder case, the trial court is required to instruct *sua sponte* on the lesser included offense of second-degree murder.

Affirmed.

WILLIAMS, LEVIN, COLEMAN, and FITZGERALD, JJ., concurred with T. G. KAVANAGH, C. J.

LINDEMER and RYAN, JJ., took no part in the decision of this case.