PEOPLE v PAUL

Docket No. 55179. Argued September 10, 1974 (Calendar No. 4).—
Decided December 18, 1975. Rehearing denied 395 Mich 923.

David Paul was convicted in the Recorder's Court of Detroit, John
R. Murphy, J., without a jury, of manslaughter. Defendant was
charged in a one-count information with felony murder, but at
the close of the evidence defense counsel expressly requested
that the court consider the lesser offenses of manslaughter and
killing a person by careless, reckless or negligent discharge of a
gun. The Court of Appeals, R. B. Burns, P. J., and V. J. Bren-
nan and Van Valkenburg, JJ., affirmed in a per curiam opinion
(Docket No. 13364). Defendant appeals. *Held:*

1. A charge of felony murder, like any other charge of first-
degree murder, puts defendant on notice that he must defend
lesser included offenses of that charge.

2. Manslaughter is a lesser included offense in first-degree
murder, and if evidence is adduced at trial to support a convic-
tion of manslaughter and the defendant has been afforded fair
notice of the lesser included offense, that charge may be consid-
ered by the trier of fact.

3. Defense counsel's requests for the court to consider lesser
included offenses in a prosecution for felony murder were
proper, and the court's consideration of those offenses and the
resulting conviction of manslaughter were proper.

Affirmed.

1. HOMICIDE—FELONY MURDER—LESSER INCLUDED OFFENSES.

There are lesser included offenses in felony murder and if the
evidence adduced at trial would support a conviction of a lesser
included offense and the defendant has been afforded fair notice
of the lesser included offense, the offense may be considered by
the trier of fact (MCL 750.316; MSA 28.548).

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 498, 506, 529 *et seq.,* 535.
[2] 40 Am Jur 2d, Homicide §§ 71, 72.
[3] 40 Am Jur 2d, Homicide § 45.

2. HOMICIDE—FELONY MURDER—LESSER INCLUDED OFFENSES.

    A charge of felony murder, like any charge of first-degree murder, puts a defendant on notice that he must defend lesser included offenses of that charge (MCL 750.316; MSA 28.548).

3. HOMICIDE—FIRST-DEGREE MURDER—LESSER INCLUDED OFFENSES.

    Second-degree murder and manslaughter are lesser included offenses in first-degree murder (MCL 750.316; MSA 28.548).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Gillis & LaRose* for defendant.

T. G. KAVANAGH, C. J. David Paul and Randall Dirette were jointly tried for felony murder arising out of an alleged robbery. MCLA 750.316; MSA 28.548.

The victim "Sweet James" Combs was killed by a shotgun blast from a gun being held by Paul in a dope house.

Paul's defense was that he did not have any intent to rob and that the gun discharged accidentally.

At the close of the evidence, the court asked counsel whether there were "any lesser included offenses in this case?" The prosecutor answered that there were none. Paul's counsel, however, disagreed:

*[Mr. Louisell]:*

"Now I would be lacking in candor if I did not immediately correct what I think is perhaps a good faith mistaken observation made by Mr. Weiswasser yesterday afternoon when the court posed a question

are there any included offenses, because there are included offenses in this case.

"At least since 40 Michigan and certainly since 229 Michigan [303; 200 NW 950 (1924)], in the *People v Treichel* our courts have held and consistently held that the test is not what is charged in the information or in the indictment but whether or not there is evidence which is consistent with a lesser included charge * * * .

"Where there is testimony in the record upon which a conviction of a lesser degree can be based it is error to instruct the jury that its verdict must be guilty of murder in the first degree or not guilty.

\* \* \*

"Now in this case there are two and I preach this with some trepidation because the defendant has pleaded not guilty and upon any view of the entire testimony he is entitled to a verdict of not guilty; but as I say in being candid with the court I must tell the court that there are two offenses which could comport with the statute. The separate statutes to which I make reference in a moment and which by reason of the nature of the testimony that has been offered not only would be permitted but in my judgment and upon the authorities of cases including the case of *People v Milhem* [350 Mich 497; 87 NW2d 151 (1957)], if the court were instructing a jury upon my request the court would be obligated to instruct the jury that these were included offenses and that the jury can find David Paul guilty of either of them. The one is section 750.323[1] which is death resulting from the intentional but not malicious discharge of a gun which is a 15-year manslaughter and the second one is the statute 752.861 [MSA 28.436(21)] which is death resulting from careless and reckless or negligent discharge of a gun which is a two-year statute and which has been on the books since 1952."

The verdict of the court was delivered as follows:

---

[1] The correct statute is MCLA 750.329; MSA 28.561.—Reporter.

"Viewing all of the evidence in this case, weighing it as I must against the presumption of innocence which is always present, I am compelled to find that I have a reasonable doubt as to whether there was a robbery and accordingly I acquit the Dirette and find him not guilty.

"David Paul, on the other hand, falls in a different category. I agree with Mr. Louisell that there are lesser included offenses and accordingly I find Mr. Paul guilty of manslaughter.

"Thank you, Counsel.

"What about bond, Mr. Louisell?"

After a discussion of bond the following colloquy ensued:

"*Mr. Louisell:* May I inquire of the court under which manslaughter statute the court has—

"*The Court:* The felony manslaughter, the 15-year maximum.

"I would find and I think the record should reflect that the finding of manslaughter would fit either the aiming of the firearm intentionally without malice or that this homicide was perpetrated and committed during the course of a misdemeanor which was inherently dangerous that Mr. Disner and I discussed during the course of the closing arguments.

"I think both theories apply to the defendant David Michael Paul."

Appellant contends on appeal that the information did not charge the crime of manslaughter and that the verdict was not supported by the evidence. The Court of Appeals found those arguments unpersuasive and we agree.

We held today in *People v Carter,* 395 Mich 434; 236 NW2d 500 (1975), that there are lesser included offenses of felony murder. If the evidence adduced at trial would support conviction of a lesser included offense, and defendant has been afforded fair notice of the lesser included offense, such

offense may be considered by the trier of fact. *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975).

The facts of the instant case lend support to the above rules. Under the "either/or" formulation of *People v Bufkin (On Rehearing),* 48 Mich App 290; 210 NW2d 390 (1973), the trial judge would have been put in a position of either freeing a person outright whom he believed guilty of manslaughter, or finding that person guilty of first degree murder even though he did not believe an armed robbery had been proven. Being put to such a choice does not serve either party or society as a whole. For that reason, we have disapproved of *People v Bufkin* today in *People v Carter,* 395 Mich 434; 236 NW2d 500 (1975).

The judge found defendant guilty of violation of MCLA 750. 329; MSA 28.561, which provides:

"Any person who shall wound, maim or injure any other person by the discharge of any firearm, pointed or aimed, intentionally but without malice, at any such person, shall, if death ensue from such wounding, maiming or injury, be deemed guilty of the crime of manslaughter."

On the evidence adduced at trial, conviction of that offense was justified.

Defendant also argues that the crime of manslaughter was not included within the information for felony murder. The Court of Appeals characterized the challenge as one of lack of notice of the manslaughter charge, but reasoned that defense counsel's express request that the court consider this lesser included offense negated any claim of surprise. We agree, but need not base our decision on that narrow ground.

A charge of felony murder, as any other charge of first degree murder, puts defendant on notice that he must defend lesser included offenses to that charge. Second degree murder is a lesser included offense of first degree murder. *People v Carter,* 395 Mich 434; 236 NW2d 500 (1975). Manslaughter is a lesser included offense of first degree murder as well, and if evidence is adduced at trial to support conviction of manslaughter, that charge should be considered.

"Taken by itself an indictment charging murder committed in the course of a felony might be thought inadequate to serve as notice that defendant might have to defend against a charge of murder that was intentional (but not premeditated). But an indictment for murder must be read in the light of the history of the crime. Counsel retained or assigned to defend a man accused of felony-murder are not misled. They are aware that the facts of the homicide are to be brought out, that a verdict of second degree murder is appropriate if there is proof from which the jury might reasonably find that the defendant did not commit one of the enumerated felonies but was guilty of an intentional killing on impulse, and that on this state of proof a charge of second degree murder as a lesser included offense may be requested by prosecution or defense." *Fuller v United States,* 132 US App DC 264, *On Rehearing* 286, 294; 407 F2d 1199, *On Rehearing* 1221, 1229 (1968).

On the facts of this case, not only was it proper for the court to consider the lesser included offense of manslaughter, but it would have been error for him to have refused to do so.

Defense counsel's requests for the court to consider lesser included offenses in this felony-murder prosecution were proper; the court's consideration of those offenses was proper; the resulting convic-

tion of manslaughter was also proper, and that conviction is affirmed.

WILLIAMS, LEVIN, COLEMAN, and FITZGERALD, JJ., concurred with T. G. KAVANAGH, C. J.

LINDEMER and RYAN, JJ., took no part in the decision of this case.