PEOPLE v THOMPSON

OPINION OF THE COURT

1. HOMICIDE—FIRST-DEGREE MURDER—FELONY MURDER—SECOND-DE-
GREE MURDER—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
FENSES—DEFENDANT AND COUNSEL—CONFLICT.

Failure to instruct the jury on lesser included offenses to felony
murder was error where the trial court followed the defend-
ant's wishes over the contrary request and objection of his
defense counsel; however, the error was not reversible where
defendant was not prejudiced, he received a fair trial, and a
Supreme Court decision mandating instructions on the lesser
included offense of second-degree murder is not retroactively
applicable.

2. HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER—IN-
STRUCTIONS TO JURY—LESSER INCLUDED OFFENSES.

In every trial for first-degree murder, including felony murder,
the trial court is required to instruct the jury *sua sponte,* and
even over objection, on the lesser included offense of second-
degree murder.

CONCURRENCE BY BASHARA, P. J.

3. HOMICIDE—FELONY MURDER—INSTRUCTIONS TO JURY—LESSER IN-
CLUDED OFFENSES.

*The jury should be limited to verdicts of either guilty of felony
murder or not guilty where there is no evidence of any crime
other than felony murder and where recent Supreme Court
precedent on instructions on lesser included offenses is not
retroactively applicable.*

Appeal from Recorder's Court of Detroit, Mich-

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 40 Am Jur 2d, Homicide §§ 498, 506, 534, 535.

Absence of evidence supporting charge of lesser degree of homicide
as affecting duty of court to instruct as to, or right of jury to
convict of, lesser degree. 21 ALR 628, s. 27 ALR 1100, 102 ALR
1019.

ael J. Connor, J. Submitted April 12, 1976, at Detroit. (Docket No. 23570.) Decided June 14, 1976. Leave to appeal denied, — Mich —.

Gilbert Thompson was convicted of felony murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Criminal Division, and *Ronald R. Weitzman,* Assistant Prosecuting Attorney, for the people.

*Jeffery M. Zabner,* for defendant.

Before: BASHARA, P. J., and R. B. BURNS and QUINN, JJ.

R. B. BURNS, J. Defendant and two others were convicted of first-degree felony murder. MCLA 750.316; MSA 28.548. We affirm.

Defendant raises one issue that is of jurisprudential significance and that requires discussion: Who determines the defense strategy in a conflict over the request for jury instructions, defendant or defense counsel? We hold that this decision is reserved to defense counsel.

At the conclusion of the evidence in the case, counsel submitted requests for charges to the jury. Prior to instructing the jury, the court made the following statement:

"*The Court:* At the beginning of the day today I did inquire of all counsel whether or not there was any desire for the Court to give an instruction as to lesser included offenses. * * *

"It has become a moot question as I understand it, inasmuch as counsel have consulted with their clients, and all three Defendants do not desire included of-

fenses, despite or because of recommendations of counsel—it is my understanding despite the recommendations of counsel and they do intend to go on Murder First Degree, felony, or not guilty.

"Is there anything else you wish to put on the record in that regard?"

Subsequent to this statement, defense counsel requested the court to instruct the jury on lesser included offenses. The trial court then instructed the jury, omitting any instructions as to lesser included offenses. At the conclusion of the instructions, defense counsel objected and again requested instructions on the lesser included offenses.

In *Faretta v California,* 422 US 806, 820; 95 S Ct 2525; 45 L Ed 2d 562 (1975), the Supreme Court stated:

"It is true that when a defendant chooses to have a lawyer manage and present his case, law and tradition may allocate to the counsel the power to make binding decisions of trial strategy in many areas. Cf. *Henry v Mississippi,* 379 US 443, 451, 13 L Ed 2d 408, 85 S Ct 564; *Brookhart v Janis,* 384 US 1, 7–8, 16 L Ed 2d 314, 86 S Ct 1245; *Fay v Noia,* 372 US 391, 439, 9 L Ed 2d 837, 83 S Ct 822."

This Court has also recognized such authority: "Ordinarily, a defendant is bound to counsel's trial strategy." *People v Wimbush,* 45 Mich App 42, 49–50; 205 NW2d 890, 894 (1973).

A criminal trial is a sophisticated undertaking. Proper representation in this adversarial setting requires a good deal of training and skill. Most lawyers (hopefully) have these attributes; most defendants assuredly do not.

Request for jury instructions is such an area within the unique competence of defense counsel. "When a defendant chooses to have a lawyer

manage and present his case", *Faretta* reserves this decision to that lawyer.

We therefore find that the trial court erred in following defendant's wishes over the contrary request and objection of defense counsel. We do not, however, reverse the conviction.

In *People v Jenkins,* 395 Mich 440, 442; 236 NW2d 503 (1975), the Michigan Supreme Court held that:

"[I]n every trial for first-degree murder, including felony murder, the trial court is required to instruct the jury *sua sponte,* and even over objection, on the lesser included offense of second-degree murder".

This decision was given prospective application to all cases tried after January 1, 1976. Instruction on lesser included offenses to first-degree felony murder was not absolutely required in the case before us presently.

In *People v Burton,* 46 Mich App 20, 24; 207 NW2d 415, 417 (1973), this Court stated:

"The defendant having affirmatively requested that the court not instruct on the lesser offense * * * cannot on this point obtain a reversal or new trial."

Defendant was not prejudiced, and he received a fair trial.

Affirmed.

QUINN, J., concurred.

BASHARA, P. J. *(concurring).* I concur separately because I find it unnecessary to determine whether the decision of counsel or defendant controls when

a conflict arises regarding a request for instructions on lesser included offenses.

In the case at bar, Michael Champion testified that he, the defendant, Samuel Till, and Monteith Harris drove around for five or six hours searching for a victim to rob. Finally, they came upon Leach Carkeek, a 91-year-old man. The four rushed him, pushed him into the house and down the basement stairs. Till and the defendant remained in the basement where Till kicked the victim in the side and asked for money. Harris and Champion searched the upstairs. Money and a diamond ring were taken from the home. Carkeek died.

The defendant took the stand and denied his participation in the crime.

At the close of proofs defense counsel, over objection of the defendant, requested instructions on the lesser included offenses of second-degree murder and manslaughter. The trial judge refused to so instruct. Defendant assigns error.

This author has always adhered to the view that where there is no evidence of any other crime than felony-murder, as in this case, the jury should be limited to verdicts of either guilty of first-degree murder or not guilty. *People v Wimbush,* 45 Mich App 42, 49; 205 NW2d 890 (1973), *lv den,* 390 Mich 770 (1973). The trial judge properly refused to instruct on the requested lesser offenses.

Nor do I believe the recent lesser included offense cases of *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), *People v Carter,* 395 Mich 434; 236 NW2d 500 (1975), *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975),[1] or *People v Paul,* 395 Mich 444; 236 NW2d 486

---

[1] Only *People v Jenkins,* 395 Mich 440, 443; 236 NW2d 503 (1975), expressly sets forth its prospective application.

(1975),[2] compel a different result. They are not retroactive. See *People v Lank Thomas,* 68 Mich App 302; 242 NW2d 564 (1976). These cases change the recognized rule of law in Michigan, that where one is charged with felony-murder, there is no duty to instruct on the lesser offenses of second-degree murder or manslaughter if the evidence could not sustain such a verdict. *People v Hearn,* 354 Mich 468; 93 NW2d 302 (1958), *People v Dupuis,* 371 Mich 395; 124 NW2d 242 (1963).

Therefore, I concur in the result.

---

[2] *People v Paul,* 395 Mich 444; 236 NW2d 486 (1975), may or may not change the rule regarding the requirement to instruct on manslaughter depending on whether it is a necessarily lesser included offense or cognate lesser offense. A determination I need not make since *Paul* does not apply retroactively.