**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Michael J. WILL, Defendant-Appellant.**

**No. 85CA0252.**

Colorado Court of Appeals, Div. I.

Oct. 9, 1986.

Rehearing Denied Nov. 6, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Barbara S. Blackman, Chief Appellate Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Michael J. Will, appeals the judgment entered on his convictions by a jury of first degree criminal trespass and harassment. We affirm.

The court instructed the jury on the charges of first degree criminal trespass and harassment. At defendant's request, the court also instructed the jury on the offense of criminal mischief, a lesser non-included offense of the first degree criminal trespass offense. The jury was instructed also on defendant's theory of the case. In that instruction, defendant conceded that his actions might have satisfied the elements of the offense of criminal mischief.

The court further verbally instructed the jury:

"If, and only if, after full consideration of that charge, First Degree Criminal Trespass, and only if the verdict is not guilty as to that count [1], First Degree Criminal Trespass, only then will you proceed to Criminal Mischief, which I have denoted as Count 1–A, and I have set forth to be considered only if Count 1 is not guilty, Count 1–A, lesser excluded offense to be considered."

Defendant made no contemporaneous objection to the court's verbal instruction. Though the jury found defendant guilty of first degree criminal trespass and harassment, the offenses with which he was originally charged, it did not complete the criminal mischief verdict form.

Defendant contends that the trial court's verbal instruction was erroneous and deprived him of his right to trial by jury and due process of law. Specifically, he argues that this instruction precluded simultaneous consideration by the jury of the charges of criminal trespass and criminal mischief, thereby "unduly interfer[ing] with the deliberative process of the jurors by depriving them of a meaningful opportunity to reach a ... verdict free of the constraining influence of the court." We conclude that the court's instruction was harmless error.

By tendering the lesser non-included criminal mischief and theory of the case instructions, which permitted the jury to find the defendant innocent of the principal charge and guilty of the lesser charge, defendant consented to an added count being charged against him. *See People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974). Consequently, he introduced the possibility of being found guilty of both offenses.

The trial court erred in its instructions because the jury was not required first to determine that defendant was not guilty of criminal trespass before going on to consider whether he was guilty of criminal mischief. The elements of first degree criminal trespass, § 18-1-502, C.R.S. (1986 Repl.Vol. 8B), and of criminal mischief, § 18-4-501, C.R.S. (1986 Repl.Vol. 8B), illustrate that these are not alternative counts, but that the defendant could have been convicted of either or both of the offenses.

The jury convicted defendant of first degree criminal trespass, and did not even complete the criminal mischief verdict form. Thus, it appears that the jury followed the court's erroneous instruction, by not considering the lesser offense of criminal mischief after it had found defendant guilty of first degree criminal trespass. By following the court's erroneous instruction, the jury was prevented from convicting defendant of both offenses even though there was evidence to support both convictions.

Accordingly, the error can only be said to have benefited defendant and thus does not constitute reversible error.

Judgment affirmed.

KELLY and STERNBERG, JJ., concur.