_____

No. 96-2215
_____

Isaac L. Neal, Jr.,                    *
                                       *
          Appellant,                   *  Appeal from the United States
                                       *  District Court for the
     v.                                *  Southern District of Iowa
                                       *
Gerado Acevedo,                        *
                                       *
          Appellee.                    *
_____

                Submitted:  January 17, 1997

                   Filed:  June 11, 1997
_____

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and GUNN,[1] Senior
District Judge.
_____

GUNN, Senior District Judge.

     Isaac L. Neal, Jr. appeals the District Court's[2] order denying his 28
U.S.C. § 2254 petition for a writ of habeas corpus.  For the reasons set
forth below, we affirm.


I.   **Background**


     A jury convicted Neal of first-degree kidnapping in violation of Iowa
Code §§ 710.1 and 710.2 for the abduction and sexual abuse of a sixteen-
year-old female.  The trial court sentenced Neal to life in prison without
the possibility of parole.  The Iowa Supreme Court affirmed the conviction.
State v. Neal, 353 N.W.2d 83 (Iowa

_____

          [1]The Honorable George F. Gunn, Jr.,  Senior United States
District Judge for the Eastern District of Missouri, sitting by
designation.

          [2]The Honorable Donald E. O'Brien, Senior United States
District Judge for the Southern District of Iowa.

1984).  Thereafter, Neal moved for postconviction relief in state court. Following an evidentiary hearing, the trial court denied Neal's application for relief.  App. at 135-43.  Neal obtained no relief on appeal.

Neal then commenced this habeas action alleging numerous grounds for relief.  The District Court denied the petition.  This appeal ensued.

The following facts are drawn primarily from the Iowa Supreme Court's opinion.  On August 26, 1982, a male assailant accosted a young woman in Davenport, Iowa, and dragged her into a car.  The assailant forced the victim to perform oral sex on him as he drove.  The assailant later stopped and made the woman disrobe.  A police car passed by and the assailant drove to a different location.  The assailant then unsuccessfully attempted anal intercourse with the victim.  Thereafter, the assailant ordered the victim out of the car.  She tried to escape and a struggle ensued.  The assailant stabbed the victim in the neck, but the victim bit the assailant's arm and escaped.  The victim then ran to a nearby house and the police were summoned.  The victim gave the police a description of the assailant and the automobile.  Neal, 353 N.W.2d at 85.

The police recovered the vehicle from a city street about two hours later and traced ownership of the vehicle to Neal's fiancee, Anita Wells. The victim positively identified the car the next day.  The victim later identified Neal as her assailant, selecting his picture from a photographic array, picking him out of a lineup, and pointing him out as the perpetrator at trial.  Id.

Additional circumstantial evidence connected Neal to the crime. Police recovered Neal's palm print from the driver's door handle of the vehicle.  A Davenport police officer testified that he observed Neal driving the car used in the offense at around 9:00 p.m., on August 26, 1982.  Id. at 89; App. at 12-13.

Neal presented an alibi defense at trial. He testified that he was at his fiancee's home the night of the crime. App. at 85. Patty Jo Wells, his fiancee's mother, corroborated this testimony. Id. at 67. She recalled seeing Neal at around 8:15 or 8:30 p.m., just before going to bed for the evening. Id. at 65. Neal's fiancee, Anita Wells, also corroborated Neal's testimony regarding his whereabouts the night of the crime. Id. at 76. Ms. Wells stated that she went to bed between 8:00 and 8:30 p.m. the night of the crime. Id., 77. She left Neal downstairs with her baby. Id. Ms. Wells testified that Neal drove her car on one occasion, but that he rode in it all the time. Id. at 73. She further stated that she used her car after Neal was last in it and that she opened the driver's side door by using the handle. Id. at 82. Ms. Wells reported the car stolen the morning after the crime. Id. at 76.

On appeal, Neal argues that (1) trial counsel provided ineffective assistance in violation of the Sixth and Fourteenth Amendments; and (2) his conviction violates the Due Process Clause of the Fourteenth Amendment because the evidence adduced at trial was insufficient.

## II. Discussion

### A. Ineffective Assistance

"The Sixth Amendment guarantees a criminal defendant charged with a serious crime the right to effective assistance of counsel." Garrett v. United States, 78 F.3d 1296, 1301 (8th Cir.), cert. denied, 117 S. Ct. 374 (1996). In order to prevail on his ineffective-assistance claim, Neal must show that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance must be objectively reasonable and "scrutiny of counsel's performance must be highly deferential." Id. at 689. There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. In order to establish prejudice, the

defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is one "sufficient to undermine confidence in the outcome."  Id.

Neal first argues that trial counsel provided ineffective assistance by failing to consult with him sufficiently to prepare for trial.  At the hearing on Neal's motion for postconviction relief, trial counsel testified that Neal's position was clear from the start:  he did not commit the offense, and he was at his fiancee's home when it occurred.  App. at 112-14.  Counsel further testified that he met with Neal no more than twice at the jail and spoke with Neal at court hearings.  Id. at 114-15.

"[W]hen the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether."  Strickland, 466 U.S. at 691.  Here, the information Neal gave to counsel limited the potential avenues of investigation and the need for further consultation.  Given Neal's alibi defense, counsel conducted an adequate investigation and presented all the witnesses who could corroborate the defense.

Moreover, as the District Court correctly observed, Neal has failed to provide any examples of evidence counsel could have discovered through further investigation or what exculpatory information Neal could have conveyed to counsel through further consultation.  See Otey v. Grammer, 859 F.2d 575, 578 (8th Cir. 1988) (burden on petitioner to show what additional evidence counsel could have discovered that would have helped defense); United States v. Mealy, 851 F.2d 890, 908 (7th Cir. 1988) (conclusory allegations regarding time spent in consultation with trial counsel do not show how petitioner was prejudiced at trial; thus ineffective-assistance claim fails).  Accordingly, we reject

Neal's first argument in support of his ineffective-assistance claim.

Neal next maintains that counsel provided ineffective assistance by failing to request instructions on lesser-included offenses. Trial counsel testified that he discussed this issue with Neal. Counsel could not recall whether Neal wanted lesser- included offense instructions, but counsel testified he explained why they were inappropriate. Counsel stated that arguing lesser- included offenses is inconsistent with the alibi defense. App. at 125-26. Counsel testified that making such an argument "is almost guaranteed to lose you a case as a defense lawyer." App. at 126. Counsel further testified that he did not believe lesser-included offense instructions would have been warranted in view of the evidence presented. Id.

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690. We conclude that trial counsel's decision not to request the lesser-included offense instructions was reasonable trial strategy because the instructions would have been inconsistent with Neal's alibi defense. See Kubat v. Thieret, 867 F.2d 351, 364-65 (7th Cir. 1989) (counsel's decision not to request lesser-included offense instruction in kidnapping case reasonable in light of defendant's alibi defense). We also agree that the facts of the case would not have warranted such an instruction. We therefore reject this aspect of Neal's claim of ineffective assistance.

In the District Court, Neal also claimed that counsel provided ineffective assistance by failing to move to suppress evidence seized from his fiancee's car and by failing to request a ruling on his motion to present evidence concerning the prior sexual conduct of the victim. It is unclear from Neal's brief whether he intends to raise these issues on appeal. In any event, we agree with the District Court that Neal lacked standing to challenge the search of his fiancee's car. See United States v. Kiser, 948 F.2d 418, 424

(8th Cir. 1991). Therefore, counsel did not perform deficiently by failing to move to suppress evidence from the vehicle. We further conclude that Neal was not prejudiced by counsel's failure to request a ruling on his motion to present evidence concerning the prior sexual conduct of the victim before the victim's testimony. The record reflects that such a request would not have changed the trial court's decision to deny the motion.

**B.    Sufficiency of the Evidence**

Neal next contends that the evidence was insufficient to support his conviction for first-degree kidnapping. Neal argues that the victim gave inconsistent descriptions of him, that his physical characteristics at the time of the incident conflicted with the description given by the victim, and that the state failed to establish that the assailant used force creating either a  substantial risk of death or serious injury to the victim as required to prove second-degree sexual abuse.

The Due Process Clause protects "the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). In a challenge to the sufficiency of the evidence to support a state court conviction, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Under Iowa law, kidnapping is defined as either confining a person or removing a person from one place to another without authority or consent, with, inter alia, the intent to inflict serious injury upon such person or to subject the person to sexual abuse. Iowa Code Ann. § 710.1. First-degree kidnapping requires that the person kidnapped, as a consequence of the kidnapping, suffer serious injury or intentionally be subjected to torture or sexual abuse. Id., § 710.2. Sexual abuse is defined as, inter

alia, a sex act performed by force or against the will of another.  Id.,
§ 709.1.  To prove second-degree sexual abuse, the state must establish
that the assailant displayed a deadly weapon in a threatening manner or
used or threatened to use force creating a substantial risk of death or
serious injury to any person.  Iowa Code Ann. § 709.3.

Upon review of the record, we conclude that a rational trier of fact
could find the evidence adduced at trial sufficient to support Neal's
conviction for first-degree kidnapping.  The victim's testimony established
the essential elements of the offense.  App. at 36-37, 39.  The minor
discrepancies in the victim's descriptions of Neal were brought before the
jury by defense counsel.  The jury could have rationally discounted these
discrepancies in light of the victim's positive identification of Neal at
trial, the other circumstantial evidence connecting Neal to the crime, and
the problems with Neal's alibi defense.  Finally, Neal's argument that the
evidence was insufficient to show a use of force creating either a
substantial risk of death or serious injury to the victim misses the mark
because any degree of sexual abuse will support a conviction for first-
degree kidnapping.  See State v. Mitchell, 450 N.W.2d 828, 831 (Iowa 1990).
Thus, the State did not have to prove second-degree sexual abuse to convict
Neal of first-degree kidnapping, State v. Newman, 326 N.W.2d 796, 802 (Iowa
1982), and the evidence clearly shows that sexual abuse occurred.  In any
event, we agree with the State that Neal's use of the knife during the
course of the offense and his stabbing of the victim would support a
conviction for second-degree sexual abuse.

## III.  Conclusion

For the reasons set forth above, we conclude that the District Court
correctly denied Neal's petition for a writ of habeas corpus.  Accordingly,
we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.