Johnnie Erick ARKO, Petitioner

v.

The PEOPLE of the State of Colorado, Respondent.

No. 06SC798.

Supreme Court of Colorado,
En Banc.

May 12, 2008.

Keyonyu X O'Connell, Denver, Colorado, Ridley, McGreevy & Weisz, P.C., Barrett T. Weisz, Denver, Colorado, Attorneys for Petitioner.

John W. Suthers, Attorney General, John J. Fuerst III, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, Colorado, Attorneys for Respondent.

Justice BENDER delivered the Opinion of the Court.

## I. Introduction

We granted certiorari in *People v. Arko*, 159 P.3d 713 (Colo.App.2006), to determine whether the court of appeals correctly affirmed the trial court's ruling accepting the defendant's decision not to request a jury instruction on a lesser non-included offense over the objection of defense counsel on the ground that this decision implicated the defendant's fundamental rights.[1] Petitioner Johnnie Erick Arko and the People both argue that the decision whether to submit a jury instruction on a lesser offense is a tactical decision that rests with the trial counsel. However, the People also argue that even if the trial court erred in accepting Arko's decision over the objection of his attorney, Arko should nevertheless be bound by the position he took before the trial court because he himself strongly objected to the submission of the instruction.

We hold that the decision whether to request jury instructions on lesser offenses is a tactical decision that rests with defense counsel after consultation with the defendant. We also hold that Arko is not precluded from making this claim by the doctrines of judicial estoppel, invited error, or acquiescence. Accordingly, we reverse the judgment of the court of appeals and reverse Arko's conviction. We return this case to the court of appeals with directions to remand the case to the trial court for a new trial.

---

1. We granted certiorari on this issue:
   Whether the court of appeals erred in concluding that petitioner's right to present a defense was not denied when, over defense counsel's objection, the trial court refused to give the tendered third-degree assault instruction to the jury, based on the court's holding that defendants have a fundamental constitutional right to decide whether to submit a lesser non-included offense.

## II. Facts and Proceedings Below

This case arises from a domestic altercation between Johnnie Erick Arko and a woman he had been periodically dating. The victim told Arko over the phone that she thought they should see less of each other. Later that evening, Arko called the victim and said he was coming to her house with a pizza. The victim thought Arko had been drinking and told him not to come over. Arko arrived at her home anyway and entered without knocking or ringing the doorbell. After Arko surprised the victim by appearing in the living room, an argument began which resulted in a physical altercation.

Arko testified that the altercation lasted only a few minutes. He admitted to causing injury but denied attempting to kill the victim or to cause serious bodily injury. The victim testified that it was a much more violent incident that lasted for a half-hour. She testified that Arko choked her repeatedly and that she was unable to breathe or speak, that he pinned her to the floor with his knees on her shoulders while he strangled her, and that he hit her in the mouth with his fist. She also described a karate-style hold Arko used that she said felt like it would cause her head to snap. She testified that Arko repeatedly said she was going to die that night.

Arko released the victim and told her to brush her teeth because they were bloody. She was able to escape from the home, and she drove to a relative's home. The relative called the police, and the victim was transported to the hospital. Her injuries included soreness in her neck, difficulty swallowing, bruises, abrasions, scratches, fingernail marks, cuts, and other markings all over her body.

Arko was arrested that night at the victim's home. He admitted that he choked the victim that night but claimed that he was merely demonstrating what some men had done to him in a bar earlier that day. He admitted that he and the victim had an argument but claimed that he only put his hand on her mouth briefly to stop her from screaming at him.

Arko was tried on charges of attempted second-degree murder, second-degree burglary with intent to commit second-degree murder, and second-degree burglary with intent to commit third-degree assault. The jury acquitted him on the burglary charges, but a mistrial was declared when the jury was unable to reach a verdict on the attempted murder charge. This charge was retried to another jury. The jury was instructed on attempted second-degree murder and the lesser included offense of attempted reckless manslaughter. The jury found Arko guilty of attempted reckless manslaughter, and the trial court sentenced him to five years in the Department of Corrections, a sentence in the aggravated range.

Arko appealed his conviction to the court of appeals, claiming, among other things, that the trial court erroneously refused his trial counsel's request to instruct the jury on the lesser non-included offense of third-degree assault. He argued that the trial court was obligated to submit this instruction to the jury, even though he himself objected to the submission of this instruction. The court of appeals held that the trial court did not err because the decision whether to request a jury instruction on a lesser non-included offense implicates a defendant's fundamental rights and therefore belongs to the defendant. *Arko*, 159 P.3d at 724. The court of appeals determined that it was significant that with lesser non-included offenses, the doctrine of merger does not apply; as a result, unlike the situation of lesser included offenses, the defendant may be convicted of both the greater and the lesser charge. *Id.* Thus, the court concluded, the trial court was correct to accept Arko's decision on this matter over the objection of his trial counsel. *Id.* at 725.

Arko petitioned this court for certiorari review, arguing that the decision to submit jury instructions on lesser non-included offenses does not implicate fundamental rights and is within the authority of defense counsel. We granted Arko's petition.

## III. Analysis

This case raises the question whether the decision to request a jury instruction on a

lesser non-included offense is a decision that rests with the defendant, or whether it is a right which "defense counsel can elect to exercise or waive on behalf of the accused." *See People v. Curtis,* 681 P.2d 504, 512 (Colo. 1984). The People agree with Arko's argument that this decision is one for defense counsel. However, the People argue that in this case, Arko should be estopped from raising this claim on appeal because he himself strongly objected to the submission of the lesser non-included offense instruction to the jury.

### Whether To Request A Lesser Offense Instruction Is A Tactical Decision To Be Made By Defense Counsel

■ Some trial decisions implicate inherently personal rights which would call into question the fundamental fairness of the trial if made by anyone other than the defendant. *Id.* at 511. Thus, a lawyer must abide by a client's decision regarding "a plea to be entered, whether to waive jury trial, and whether the client will testify." Colo. RPC 1.2(a). Indeed, these rights are so important to the integrity of the legal process that the decision to waive them may require a trial court to determine that the defendant has made a voluntary, knowing, and intelligent decision. *See People v. Arguello,* 772 P.2d 87, 97 (Colo.1989) (requiring the trial court to "conduct a specific inquiry on the record to ensure that the defendant is voluntarily, knowingly, and intelligently waiving the right to counsel"); *Curtis,* 681 P.2d at 514 (requiring procedural safeguards to ensure defendant's understanding of waiver of right to testify); *see also* Crim. P. 11 (requiring trial court to advise defendant of trial rights before accepting a guilty plea and to ensure that the defendant understands the rights being waived).

■ Other decisions are regarded as strategic or tactical in nature, and final authority to make such decisions is reserved to defense counsel. "Defense counsel stands as captain of the ship in ascertaining what evidence should be offered and what strategy should be employed in the defense of the case." *Steward v. People,* 179 Colo. 31, 34, 498 P.2d 933, 934 (1972). Examples of such strategic decisions include "what witnesses to call (excepting the defendant), whether and how to conduct cross-examination, what jurors to accept or strike, and what trial motions to make." *Curtis,* 681 P.2d at 511. The attorney has the authority to make tactical decisions with which the client disagrees. *See Moore v. People,* 174 Colo. 570, 572, 485 P.2d 114, 115 (1971) (holding that defense counsel "need only consult and be governed by his client's wishes when the question arises as to whether or not a plea of guilty should be entered, trial by jury waived, or whether the defendant should take the witness stand in his own defense").

In this case, the court of appeals concluded that the decision whether to request a lesser non-included offense instruction implicates a defendant's fundamental rights because it is more like a decision to plead guilty than a tactical decision. Indeed, the court concluded that it is equivalent to the decision to plead guilty in exchange for the dismissal of more serious charges. The court reasoned that because the decision exposes the defendant, who may be convicted of both the greater offense and the lesser non-included offense, to additional culpability, the decision should rest solely with the defendant.

However, the decision whether a lesser offense instruction should be requested is distinguishable from the decision to plead guilty. When a defendant pleads guilty, he waives all rights attendant to a jury trial. *See People v. Schneider,* 25 P.3d 755, 759–60 (Colo.2001) ("A defendant entering a guilty plea waives the right to a speedy trial, the right to insist that the prosecution establish guilt beyond a reasonable doubt, and the right to present witnesses on behalf of the accused."). On the other hand, a defendant retains all of his trial rights when he requests that a jury consider a lesser offense instruction. He also retains the opportunity to advocate for outright acquittal. Thus, this decision is not analogous to the decision whether to plead guilty.

■ Because the defendant retains these fundamental trial rights, we conclude that the decision to request a lesser offense instruction is strategic and tactical in nature, and is therefore reserved for defense coun-

sel. This tactical decision requires sophisticated training and skill which attorneys possess and defendants do not:

A criminal trial is a sophisticated undertaking. Proper representation in this adversarial setting requires a good deal of training and skill. Most lawyers (hopefully) have these attributes; most defendants assuredly do not. Request for jury instructions is such an area within the unique competence of defense counsel. When a defendant chooses to have a lawyer manage and present his case, [he] reserves this decision to that lawyer.

*People v. Thompson,* 69 Mich.App. 465, 245 N.W.2d 93, 94 (1976). The decision to submit lesser offense instructions "is often based on legal complexities only the most sophisticated client could comprehend, not unlike the tactical decisions involved regarding the assertion of technical defenses." *Van Alstine v. State,* 263 Ga. 1, 426 S.E.2d 360, 363 (1993).[2]

This conclusion finds support in the Colorado Rules of Professional Conduct. Rule 1.2(a)'s omission of the decision to request lesser offense instructions from the enumerated list of decisions reserved to the defendant suggests that this decision is in the realm of trial tactics, where the attorney has authority to decide. *See Simeon v. State,* 90 P.3d 181, 184 (Alaska Ct.App.2004) (holding that under the identical rule of professional conduct in Alaska, "[s]ince the rule limits the client's authority to those decisions, it follows that the lawyer has the ultimate authority to make other decisions governing trial tactics—including whether to request lesser included offenses").

The commentary to the American Bar Association's Standards for Criminal Justice also supports the conclusion that the decision whether to request lesser offense instructions rests with defense counsel. The current third edition overrules the previous edition that allocated the decision to request lesser offense instructions to the defendant. The commentary to the third edition states only that defense counsel must confer with the defendant regarding lesser offense instructions: "It is also important in a jury trial for defense counsel to consult fully with the accused about any lesser included offenses the trial court may be willing to submit to the jury." *ABA Standards for Criminal Justice: Prosecution Function and Defense Function,* Standard 4–5.2, Commentary (3d ed.1993).

The second edition stated that "the defendant should be the one to decide whether to seek submission to the jury of lesser included offenses." *ABA Standards for Criminal Justice: Prosecution Function and Defense Function,* Standard 4–5.2, Commentary (2d ed.1980). The omission of this language from the third edition indicates that under the current standards, the decision whether to submit lesser offense instructions is *not* a decision for the defendant, but rather for defense counsel after consultation with the defendant.

Recent cases analyzing the effect of this change have concluded that under the current ABA standards, the decision whether to request lesser offense instructions is for defense counsel. *See Cannon v. Mullin,* 383 F.3d 1152, 1167 (10th Cir.2004) (based on change in third edition, "[w]hether to argue a lesser-included offense is a matter to be decided by counsel after consultation with the

---

**2.** Other federal and state jurisdictions have also reached the conclusion that the decision whether to request a lesser offense instruction is a decision for defense counsel. *See United States v. Mays,* 466 F.3d 335, 342 (5th Cir.2006) (characterizing the decision not to request a lesser offense jury instruction as "a strategic choice"); *Tinsley v. Million,* 399 F.3d 796, 808 (6th Cir. 2005) (characterizing the decision not to request lesser offense jury instructions as "a permissible exercise of trial strategy"); *Neal v. Acevedo,* 114 F.3d 803, 806 (8th Cir.1997) (characterizing the decision not to request a lesser offense jury instruction as "reasonable trial strategy"); *State v. Sheppard,* 270 Mont. 122, 890 P.2d 754, 757 (1995) (characterizing the decision not to request lesser offense jury instructions as "counsel's tactical decision" and "strategy"); *State v. Edwards,* 119 Ohio App.3d 106, 694 N.E.2d 534, 536–38 (1997) (holding that the right to request lesser offense instructions is non-fundamental and reserved for counsel's judgment); *State v. Eckert,* 203 Wis.2d 497, 553 N.W.2d 539, 544 (Ct.App. 1996) (holding that the "right to request a lesser-included offense instruction is neither a constitutional nor a fundamental right," and the "decision of whether to request a lesser-included offense instruction is a complicated one involving legal expertise and trial strategy").

defendant"); *Simeon,* 90 P.3d at 184 (relying in part on the change in the ABA standards to hold that the decision to request lesser offense instructions rests with counsel); *Mathre v. State,* 619 N.W.2d 627, 629–31 (N.D.2000) (holding that defense counsel was not ineffective for failing to consult with defendant about seeking lesser offense instructions, because under current ABA standards, the decision is not one that must be made by defendant).

Additionally, we note that several jurisdictions that give the defendant ultimate authority over the decision to seek lesser offense instructions rely at least in part on the second, outdated edition of the ABA standards. *See People v. Brocksmith,* 162 Ill.2d 224, 205 Ill.Dec. 113, 642 N.E.2d 1230, 1232 (1994) (relying on second edition of ABA standards to conclude that the decision to request lesser offense instructions should be treated as the decision to plead guilty); *State v. Boeglin,* 105 N.M. 247, 731 P.2d 943, 945 (1987) (same); *In re Trombly,* 160 Vt. 215, 627 A.2d 855, 857 (1993) (same). The change in the third edition undermines such reliance.

Accordingly, we hold that the decision whether to request jury instructions on lesser offenses is a tactical decision that rests with defense counsel after consultation with the defendant. Therefore, the trial court erred in accepting the defendant's decision over the objection of defense counsel and refusing to give the lesser non-included offense instruction on third-degree assault.

### Arko's Claim Is Not Precluded By The Doctrines Of Judicial Estoppel, Invited Error, Or Acquiescence

We now turn to the question of whether Arko is precluded from raising this claim on appeal. While agreeing that it was error for the trial judge to accept Arko's decision not to request a lesser offense instruction over the objection of defense counsel, the People argue that Arko should nevertheless be bound by the position he took before the trial court. The People advance three rationales for this position: judicial estoppel, invited error, and acquiescence.

■ The elements of judicial estoppel are not satisfied in this case. In Colorado, judicial estoppel requires that a party take a position in a proceeding that is totally inconsistent with a position he successfully took in an earlier, related proceeding in an intentional effort to mislead the court:

> [F]irst, the two positions must be taken by the same party or parties in privity with each other; second, the positions must be taken in the same or related proceedings involving the same parties or parties in privity with each other; third, the party taking the positions must have been successful in maintaining the first position and must have received some benefit in the first proceeding; fourth, the inconsistency must be part of an intentional effort to mislead the court; and fifth, the two positions must be totally inconsistent—that is, the truth of one position must necessarily preclude the truth of the other.

*Estate of Burford v. Burford,* 935 P.2d 943, 948 (Colo.1997).

■ Initially, we note that this doctrine normally applies to inconsistent factual positions rather than legal positions: "[T]he position to be estopped must be one of fact rather than law or legal theory." *Lowery v. Stovall,* 92 F.3d 219, 224 (4th Cir.1996). Further, it makes little sense to conclude that the decision to submit a lesser offense instruction is properly left to defense counsel, but that the position to be used in the judicial estoppel analysis is the defendant's—which was accepted over defense counsel's objection.

■ However, even if we consider the People's argument, there is no evidence to support the fourth element of judicial estoppel, that Arko has engaged in an intentional effort to mislead the court. The doctrine of judicial estoppel aims to prevent "cold manipulation and not an unthinking or confused blunder." *Id.* (quoting *Johnson Serv. Co. v. Transamerica Ins. Co.,* 485 F.2d 164, 175 (5th Cir.1973)). In the absence of evidence of Arko's intent to mislead, we conclude that his position at trial was "the result of·a good faith mistake rather than an intentional effort to mislead the court." *See id.*

■ Next, the People argue that Arko's claim is precluded by the doctrine of invited error. Under this doctrine, "a party may not complain where he has been the instrument for injecting error in the case; he is expected to abide the consequences of his acts." *People v. Zapata,* 779 P.2d 1307, 1309 (Colo.1989).

The doctrine of invited error does not apply in this case. The "error" in question is not merely that the trial court did not give the lesser offense instruction; rather, it is that the trial court deferred to the defendant's decision on a matter within the ultimate authority of defense counsel. The very reason the decision whether to request a lesser offense instruction is reserved for counsel is that this sophisticated decision requires "a good deal of training and skill" which most lawyers have, and most defendants do not. *See Thompson,* 245 N.W.2d at 94. Arko was allowed to make a decision over the objection of counsel that he had neither the ultimate authority nor the training and skill to make. The fact that he made a bad decision cannot now be held against him when he should not have been allowed to make that decision in the first place.

Lastly, the People argue that Arko is precluded from asserting his claim because he acquiesced in the trial court's decision. However, as with the doctrine of invited error, the trial court's error in accepting Arko's decision in an area that he had neither the authority nor the skill and training to decide cannot now be held against him.

For these reasons, we hold that Arko's claim is precluded neither by judicial estoppel nor invited error nor acquiescence.

## IV. Conclusion

For the reasons stated, we reverse the judgment of the court of appeals and reverse Arko's conviction. We return this case to the court of appeals with directions to remand the case to the trial court for a new trial.

Justice COATS dissents, Justice EID joins in the dissent.

Justice COATS, dissenting.

Because I agree with the court of appeals that the decision to request a lesser non-included offense instruction in this jurisdiction implicates a fundamental right, and therefore must remain with the defendant himself rather than his counsel, I respectfully dissent. More to the point, I believe the majority opinion simply fails to address the unique situation created by this jurisdiction's liberal (and highly unusual) procedure allowing criminal defendants to present juries with offenses neither charged by, nor even included within charges filed by, the prosecution. Although they may use the similar term "lesser offense," none of the majority's authorities—including both federal and state case law and ABA Standards—remotely contemplate an instruction on a "lesser non-included offense," and therefore none offer the slightest support for its conclusion.

More than thirty-five years ago, this court chose to condition a defendant's right to present a jury with the option to convict him of an offense less serious than the one actually charged solely upon the evidence presented at trial. *People v. Rivera,* 186 Colo. 24, 28–29, 525 P.2d 431, 434 (1974). Whether the elements of an offense requested by the defendant are included in the charged offense or not, he must be entitled to have the jury consider that offense, as long as the evidence at trial offers a rational basis upon which to acquit of the greater offense and still convict of the lesser. *People v. Aragon,* 653 P.2d 715, 720 n. 5 (Colo.1982). Although permitting criminal defendants to opt for lesser non-included offense instructions has been criticized by the United States Supreme Court, *see Hopkins v. Reeves,* 524 U.S. 88, 99, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998) (permitting jury to convict of offense prosecution did not even try to prove "can hardly be said to be a reliable result"), and roundly rejected by other state courts, *see, e.g., People v. Birks,* 19 Cal.4th 108, 77 Cal.Rptr.2d 848, 960 P.2d 1073, 1090 (1998) (overruling prior allowance of lesser non-included offense instructions requested by defense), we have never retreated from the position we took in *Rivera.*

Unlike the case of a lesser included offense, which merges with the greater, *see Meads v. People*, 78 P.3d 290, 293 (Colo. 2003), and therefore can, at most, result in a conviction for a less serious form of the charged offense, the effect of injecting a lesser non-included offense into the jury's considerations is to subject the defendant to an additional conviction and harsher punishment than would otherwise be the case. *See id.* at 294; *see also People v. Skinner*, 825 P.2d 1045, 1047–48 (Colo.App.1991); *People v. Will*, 730 P.2d 898, 900 (Colo.App.1986). As far back as *Rivera* itself, we recognized that a request for a lesser non-included offense instruction "is tantamount to the defendant's consent to an added count being charged against him." 186 Colo. at 29, 525 P.2d at 434. In fact, granting such a request amounts not merely to a defendant's consent to an added count but actually to adding another charge against him, without even the acquiescence, much less the aim, of the prosecuting authority.

The majority initially appears to acknowledge the distinction between lesser included and lesser non-included offenses; however, after recounting the arguments of the parties and the holding of the court of appeals, it completely ignores the distinction and thereafter simply directs its attention generically to "lesser offenses." Rather than attempting to discredit the distinction between lesser included and lesser non-included offenses as illusory, or at least meaningless for purposes of a defendant's personal rights, the majority relies on outside authorities exclusively addressing lesser included offenses. Every case relied on by the majority, both federal and state, as well as the applicable ABA Standard commenting on tactical choices to be reserved for defense counsel, expressly addresses only the question of lesser included offenses, and none hints at a rule governing, nor even contemplates, the additional risk to a defendant involved in adding a lesser non-included offense instruction to the equation.

The Colorado Rules of Professional Conduct represent the only authority from this jurisdiction even peripherally relied on by the majority. Besides the fact that these rules purport to govern only attorney ethics, as distinguished from constitutional rights; and that Rule 1.2(a) represents a verbatim adoption of the model rule, whose drafters clearly never contemplated Colorado's broad allowance of defense requested non-included offense instructions; it seems particularly ironic for the majority to look to a body of rules prescribing an attorney's obligations to his client as support for counsel's authority to tactically subject his client to greater criminal liability than that sought by the state, without even the client's agreement.

Apart from its argument from authority (inapposite as its offered authorities may be), the majority seems merely to argue that a request by counsel for additional charges, unlike a guilty plea, does not actually admit additional crimes or deprive the defendant of his right to advocate for outright acquittal. While this may be an accurate statement, it is difficult to understand why the decision to *subject* a criminal defendant to harsher punishment should not also be personal to him, or why he should be forced even to risk, at the hands of his own counsel, greater criminal liability. It remains unclear to me that defense counsel should be permitted to deprive his client of the option to go for broke, rather than seeking a compromise verdict on even an included lesser offense; but I can see absolutely no justification for subjecting a criminal defendant, without his agreement, to greater criminal liability than that charged by the state.

I therefore respectfully dissent.

I am authorized to state that Justice EID joins in this dissent.