# IN THE COURT OF APPEALS OF IOWA

No. 19-1441
Filed January 11, 2023

**ISAAC LESLEY NEAL, Jr.,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

Isaac Neal appeals the district court's summary disposition of his fifth postconviction-relief application. **AFFIRMED.**

Kaitlyn C. DiMaria of DiMaria Law, PLLC, West Des Moines, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Ahlers, J., and Doyle, S.J.*  Tabor, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**VAITHESWARAN, Presiding Judge.**

Isaac Neal appeals the district court's summary disposition of his fifth postconviction-relief application, filed thirty-one years after the supreme court resolved his direct appeal from a conviction for first-degree kidnapping. *See State v. Neal*, 353 N.W.2d 83 (Iowa 1984); *see also Neal v. Acevedo*, 114 F.3d 803, 805 (8th Cir. 1997); *Neal v. State*, No. 12-1725, 2014 WL 69529, at *1 (Iowa Ct. App. Jan. 9, 2014); *Neal v. State*, No. 04-1983, 2006 WL 1229921, at *1 (Iowa Ct. App. Apr. 26, 2006). Neal concedes postconviction-relief actions "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2015). But he contends two of his claims fall into an exception for "a ground of fact or law that could not have been raised within the applicable time period." *Id.*

The first claim is based on the confinement element of first-degree kidnapping. *See State v. Rich*, 305 N.W.2d 739 (Iowa 1981). Neal asserts "the distinction between the 'confinement' necessary for kidnapping as opposed to the inherent confinement necessary for the crime of sexual abuse was further clarified and enhanced" in *State v. Robinson*, 859 N.W.2d 464 (Iowa 2015), and he should get the benefit of that opinion.

Neal's characterization of the law as a "clarification" is dispositive. A clarification of law can be raised within the applicable time period. *See Perez v. State*, 816 N.W.2d 354, 361 (Iowa 2012) ("What [the defendant] does not explain is how [a Supreme Court opinion] can be both a clarification of the law and a ground he could not have raised within the three-year time bar."); *cf. Thongvanh v.*

*State*, 938 N.W.2d 2, 10 (Iowa 2020) (distinguishing *Perez* on the ground that the supreme court had espoused disagreement about the applicable law, whereas no such disagreement was voiced with respect to the law raised by the defendant). *Robinson* simply clarified the long-established confinement analysis set forth in *Rich*. The court of appeals has repeatedly said as much. *See Ripperger v. State*, No. 19-0524, 2021 WL 3661118, at *3 (Iowa Ct. App. Aug. 18, 2021) (stating "[t]he Iowa Court of Appeals has determined several times that *Robinson* clarified existing law and did not announce a new rule of law"); *see, e.g., Lang v. State*, No. 17-1279, 2019 WL 2523551, at *3 (Iowa Ct. App. June 19, 2019) (finding *Robinson* did not announce a new rule of law); *Johnson v. State*, No. 17-0436, 2018 WL 1633520, at *1 (Iowa Ct. App. Apr. 4, 2018) ("[W]e reject the claim that *Robinson* set forth new law."); *Jackson v. State*, No. 17-0153, 2018 WL 739277, at *2 (Iowa Ct. App. Feb. 7, 2018) (noting "*Robinson* did not announce a new rule; it merely clarified an existing rule"); *Brandes v. State*, No. 17-0128, 2017 WL 6517176, at *1 (Iowa Ct. App. Dec. 20, 2017) (stating "*Robinson* did not announce a new rule"); *Grayson v. State*, No. 15-1382, 2016 WL 6652357, at *2 ("[T]he supreme court did not announce a new rule in *Robinson* but rather only clarified existing law."); *Hampton v. State*, No. 15-1802, 2016 WL 2743451, at *1 (Iowa Ct. App. May 11, 2016) (same). Because Neal could have raised the issue within the three-year period prescribed by Iowa Code section 822.3, the district court did not err in concluding the "confinement" claim was time-barred.

Neal next contends his trial attorney "was ineffective for failing to challenge" the district court's denial "of his constitutional right to public trial." Specifically, he

challenges the fact that the jury "deliberated into the hours after the courthouse had closed and the courthouse remained closed and locked during those deliberations as well as when the verdict was returned in [c]ourt." In his view, the claim raises "a new ground of fact discovered through depositions."

The after-hours courthouse closure was a fact that could have been raised within the limitations period. *See Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018) ("[T]he applicant must meet the 'obvious requirement' that he or she could not have raised the ground of fact within the limitations period." (citation omitted)). Indeed, during argument on the State's motion to dismiss the application on statute-of-limitations grounds, Neal's attorney stated, "I understand that's probably a fact that could have been realized before now." Because the courthouse closure could have been raised within the limitations period, the district court did not err in concluding the claim was time-barred.

We affirm the district court's dismissal of Neal's fifth postconviction-relief application.

**AFFIRMED.**